UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALTER RODRIGUEZ,<br><br>Petitioner-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent-Plaintiff. | Case No.: 19-CV-0799-GPC<br><br>Related Case No. 17-CR-215-GPC<br><br>**ORDER DENYING PETITIONER'S MOTION FOR PERMISSION TO FILE A SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2255** |

On May 1, 2019, Petitioner Michael Walter Rodriguez ("Petitioner"), a federal prisoner proceeding pro se, filed a motion for permission to file a second or successive petition pursuant to 28 U.S.C. § 2255. (Dkt. No. 57.[1])

**BACKGROUND**

On January 27, 2017, Petitioner was indicted on Count 1, distribution of methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1); and Count 2, conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956. (Dkt. No. 1.) On July 13, 2017, Petitioner pled guilty to Counts 1 and 2

---

[1] Docket numbers are from the criminal case number.

of the indictment. (Dkt. No. 21.) Additionally, Petitioner executed a "Consent to Rule 11 Plea in a Felony Case" before Magistrate Judge William V. Gallo on July 13, 2017. (Dkt. No. 20.) On September 21, 2017, this Court accepted Petitioner's plea of guilty and sentenced Petitioner to 180 months in prison for Count 1, 120 months in prison, concurrently, for Count 2, and five years of supervised release on November 20, 2017. (Dkt. No. 25; 41.)

On November 30, 2017, ten days after sentencing, Petitioner filed the present motion to vacate under 28 U.S.C. § 2255 based on alleged ineffective assistance of counsel for failure to file motions in state court pursuant to Prop 47, failure to adequately explain the plea agreement, and refusal to let Petitioner consult his family. (Dkt. No. 42 at 4-5, 9.) Petitioner further asserted that points were wrongfully added to his criminal record for possession of a firearm and possession of a controlled substance. (Id. at 6-7.) On December 7, 2017, this Court found that Petitioner had waived the attorney client privilege as to communications related to his attorney Greg Obenauer's alleged ineffective assistance of counsel, and ordered discovery as to these issues. (Dkt. No. 47.) On January 16, 2018, Petitioner filed a supplemental document in support of his ineffective assistance of counsel claim, alleging that counsel failed to calculate the advisory guidelines correctly, pressured Petitioner to "plea to something more severe," and failed to inform Petitioner of "the new P.S.R. that was different." (Dkt. No. 53.) The Government filed a response in opposition on January 25, 2018, urging the Court to deny Petitioner's motion with prejudice and decline to hold an evidentiary hearing or issue a certificate of appealability. (Dkt. No. 54.) On April 12, 2018, the Court denied the petition on the merits. (Dkt. No. 55.) On May 1, 2019, Petitioner filed the instant motion for permission to file a second or successive petition under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." United States v. Lopez, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255, and may

not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).

28 U.S.C. § 2255(h) provides that a second or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h). Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A).

"If the petitioner does not first obtain [Ninth Circuit] authorization, the district court lacks jurisdiction to consider the second or successive application." Lopez, 577 F.3d at 1061. Thus, "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." Alaimalo v. United States, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)).

Petitioner filed a § 2255 petition on November 30, 2017 which was denied on the merits on April 12, 2018. (Dkt. Nos. 42, 55.) He is now seeking leave to file a second petition with this Court and has not demonstrated that he has received authorization from the Ninth Circuit. Because Petitioner has failed to obtain authorization from the Ninth Circuit as required by § 2255(h), this Court lacks jurisdiction to consider his § 2255 motion and must therefore dismiss it. See Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction); Washington, 653 F.3d at 1065 (holding that the district court lacked jurisdiction to entertain the petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion). Accordingly, the Court DENIES Petitioner's motion for leave to file a second or successive petition.

////
////
////

**Conclusion**

Based on the above, the Court DENIES Petitioner's motion for leave to file a second or successive petition.

IT IS SO ORDERED.

Dated: May 3, 2019

Hon. Gonzalo P. Curiel
United States District Judge