UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALTER RODRIGUEZ,<br><br>    Petitioner-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Plaintiff. | Case No.: 19-cv-1107-GPC<br>           17-cr-00215-GPC<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**[DKT. NO. 59.]** |

Petitioner, Michael Walter Rodriguez, ("Petitioner") a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, based on a change to his criminal history category resulting from the state court reclassification of two prior convictions. (Dkt. No. 59.) The United States of America ("the Government") opposes Petitioner's motion, alleging his motion should be dismissed because it was fully argued in Petitioner's first § 2255 motion. (Dkt. No. 61.) Alternatively, the Government argues the § 2255 motion should be denied on the merits because the state court reclassification of Petitioner's prior state convictions does not impact Petitioner's federal criminal history category. (Dkt. No. 61 at 3-4.) For the following reasons, the Court **DENIES** Petitioner's 28 U.S.C. § 2255 Petition. The Court also **DENIES** a certificate of appealability.

1

## I. BACKGROUND

On January 27, 2017, Petitioner was indicted on Count 1 for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and Count 2 for conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956. (Dkt. No. 1.) On July 13, 2017, Petitioner pled guilty to Counts 1 and 2 of the indictment. (Dkt. Nos. 19, 21.) On September 21, 2017, this Court accepted Petitioner's plea of guilty, and on November 17, 2017, the Court sentenced Petitioner to 180 months in prison for Count 1 and 120 months in prison for Count 2 to run concurrently, as well as five years of supervised release on Count 1 and 3 years of supervised release on Count 2 to also run concurrently. (Dkt. Nos. 25, 39.)

On November 30, 2017, shortly after sentencing, Petitioner filed a motion to vacate under 28 U.S.C. § 2255 claiming ineffective assistance of counsel for failing to file motions in state court pursuant to California Proposition 47[1] ("Prop 47"), failing to adequately explain the plea agreement, and refusing to let Petitioner consult his family. (Dkt. No. 42 at 4-5, 9.) Petitioner further asserted that points were wrongfully added to his criminal record for possession of a firearm and possession of a controlled substance. (*Id.* at 6-7.) On December 7, 2017, this Court found that Petitioner had waived the attorney-client privilege as to communications related to his attorney's alleged ineffective assistance of counsel and ordered discovery as to those issues. (Dkt. No. 47.) On January 16, 2018, Petitioner filed a supplemental document in support of his ineffective assistance of counsel claim alleging that counsel failed to calculate the advisory guidelines correctly, pressured Petitioner to "plea to something more severe," and failed to inform Petitioner of "the new P.S.R.[2] that was different." (Dkt. No. 53.) The Government filed a response in opposition

---

[1] In November 2014, California voters passed Proposition 47, the Safe Neighborhoods and Schools Act, and was codified at California Penal Code section 1170.18, which, among other things, allows convicted defendants to petition the court for a "recall of sentence" and if granted would reclassify their felonies as misdemeanors. *United States v. Diaz*, 838 F.3d 968, 971 (9th Cir. 2016).

[2] Pre-Sentence Report

on January 25, 2018, urging the Court to deny Petitioner's motion and decline to hold an evidentiary hearing or issue a certificate of appealability. (Dkt. No. 54.) On April 12, 2018, this Court denied Petitioner's § 2255 motion, declined to hold an evidentiary hearing and denied a certificate of appealability. (Dkt. No. 55.)

On May 1, 2019, Petitioner filed a "motion under § 2244 for second or successive 28 U.S.C. § 2255" based on modifications of two prior state court sentences which Petitioner contended could impact his criminal history category. (Dkt. No. 59.) Petitioner successfully petitioned the California state court to reduce two felony convictions to misdemeanors pursuant to Prop 47 and California Proposition 64 ("Prop 64")[3]. (*Id.* at 3-6.) Notably, Petitioner's case no. SCN313222 was reduced from a felony to a misdemeanor pursuant to Prop 47 on December 5, 2017, and case no. SCD193141 was reduced from a felony to a misdemeanor on May 30, 2018 pursuant to Prop 64. (*Id.* at 5-6.) On May 3, 2019, this Court dismissed Petitioner's § 2255 motion as successive. (Dkt. No. 58.) Petitioner then sought authorization to proceed with a successive § 2255 motion from the Ninth Circuit and the requested authorization was denied as unnecessary because events that occur after the first petition has concluded is not considered a successive petition and returned Petitioner's petition to this Court. *Rodriguez v. United States*, Case No. 19-71166 (9th Cir. June 14, 2019). On June 21, 2019, the Government filed a response in opposition to Petitioner's § 2255 motion urging the Court to dismiss the motion, or in the alternative, to deny Petitioner's motion. (Dkt. No. 61.)

---

[3] On November 8, 2016, California voters passed Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which "legalized the recreational use of marijuana and reduced the criminal penalties for various marijuana-related offenses, including the cultivation and possession for sale of marijuana." *People v. Boatwright*, 36 Cal. App. 5th 848, 853 (2019). It also authorized an individual currently serving a sentence to petition the trail court that entered the conviction for a recall or dismissal of sentence. *Id.* (citing Cal. Health & Safety Code § 11361.8(a)).

## II. LEGAL STANDARD

### A. Motion to Vacate Sentence

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III. DISCUSSION

### A. Reclassification of Petitioner's Prior State Court Convictions

Petitioner argues that his federal sentence should be modified because the reduction of two prior state court convictions from felonies to misdemeanors under Props 46 and 65 affect his sentencing category and lowers the United States Sentencing Guidelines Manual ("USSG"). (Dkt. No. 57 at 5-6.) Respondent contends that the reduction of his prior convictions from a felony to a misdemeanor does not change his Criminal History Category and the Court cannot undo what has already been deemed a conviction in state court. (Dkt. No. 61 at 3-4.)

The Ninth Circuit has held that a California state court's reclassification of a defendant's prior state court felony to a misdemeanor, pursuant to Prop 47, has no impact on a defendant's federal sentence under § 841. *United States v. Diaz*, 838 F.3d 968, 975 (9th Cir. 2016). "When a state grants post-conviction relief to a defendant with respect to his state felony conviction, we do not apply those changes retroactively for purposes of

4

determining whether a federal sentencing statute's requirements are met." *Id.* at 972. Similarly, following the reasoning in *Diaz*, in *United States v. Ochoa-Garcia*, 97cr00077-RCJ, VPC-3, 2017 WL 4532489, at *3 (D. Nev. Oct. 10, 2017), the court denied a § 2255 petition because Prop 64, a state law, cannot "operate retroactively to make Defendant's felony convictions misdemeanors for purposes of *federal law*." *Id.* (emphasis in original).

Petitioner has not provided any legal authority that would permit this Court to modify his federal sentence based on the state court post-conviction modification of his prior sentences from a felony to a misdemeanor. In his prior § 2255 petition, Petitioner raised this issue by way of an ineffective assistance of counsel claim contending that his attorney failed to file state court motions to reduce a felony case to a misdemeanor. In its prior order, the Court noted that even if his attorney had filed the motions in state court, Petitioner provided no evidence that this would have made a difference at sentencing. (Dkt. No. 55 at 9.) This Court noted the Ninth Circuit has held that the Sentencing Guidelines looks to a defendant's status *at the time* he commits the federal crime. *United States v. Yepez*, 704 F.3d 1087, 1090 (9th Cir. 2012) (determining that "[s]tate courts cannot be given the authority to change a defendant's federal sentence by issuing a ruling that alters history and the underlying facts"); *see also United States v. Alba-Flores*, 577 F.3d 1104, 1111 (9th Cir. 2009) (when determining whether a federal defendant is under a criminal justice sentence, "[i]t is the actual situation at th[e] precise point in time" that the crime was committed that controls, "not the situation at some earlier or later point"). (*Id.*) Therefore, this Court held that, given this precedent, "such motions would not have reduced his criminal history category." (Dkt. No. 54-1 at 2.) Thus, California's decision to reclassify Petitioner's felony convictions as misdemeanors does not affect his federal sentence.

Assuming, *arguendo*, Petitioner's argument was not foreclosed by the Ninth Circuit ruling in *Diaz*, the Government argues that the reduction of Petitioner's felony convictions to misdemeanors in case nos. SCD193141 and SCN313222 do not impact Petitioner's

Criminal History Category. Petitioner's current criminal history score is 12 points placing him in Criminal History Category V. (Dkt. No. 59 at 7.) Petitioner was assigned two points for case SCD193141 and one point for case SCN313222. (Dkt. No. 23 at 15-16.)

"The district court determines the defendant's criminal history category by counting points pursuant to U.S.S.G. §§ 4A1.1 and 4A1.2." *United States v. Aguilar*, 928 F.2d 1137 (9th Cir. 1991) (unpublished). According to U.S.S.G. § 4A1.1, Petitioner's criminal history point total is based on the time served for each offense and not the classification of the conviction as a felony. (*See e.g.,* U.S.S.G § 4A1.1 (b) ("Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).") Because "criminal history scores are generally affected by the age of a particular conviction and sentence, as well as by the length of sentence received", *see Torres v. United States*, Cr. No. 12-00825 DKW, Cv No. 16-00610-DKW-KJM, 2017 WL 1943949, at *5 (D. Haw. May 10, 2017) (denying § 2255 motion based on reclassification of prior state convictions under Prop 47), Petitioner's criminal history score is not altered by the reclassification of his state court conviction from a felony to a misdemeanor. Accordingly, the Court **DENIES** Petitioner's motion to vacate his federal sentence under 28 U.S.C. § 2255.[4]

### B. Certificate of Appealability

To appeal a district court's denial of a § 2255 petition, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, Petitioner has failed to demonstrate that he is entitled to a recalculation of his

---

[4]The Court also notes that in its prior order, it also found that "Petitioner unequivocally waived his right to appeal and collaterally attack his sentence in his plea agreement." (Dkt. No. 55 at 12-14.) Therefore, this waiver further bars the claims in the petition.

6

federal criminal history based on the state court reduction of prior felony convictions to misdemeanors. Therefore, the Court finds that reasonable jurists would not find this Court's dismissal and denial of Petitioner's claims debatable or wrong and the Court **DENIES** a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The Court also **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: December 20, 2019

Hon. Gonzalo P. Curiel
United States District Judge