UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                      Plaintiff,<br><br>v.<br><br>MICHAEL WALTER RODRIGUEZ,<br><br>                                      Defendant. | Case No.:  17-CR-215-GPC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND PRESENTENCE REPORT**<br><br>**[ECF No. 66]** |

    Before the Court is Michael Walter Rodriguez's motion to amend his presentence report. ECF No. 66. Mr. Rodriquez filed his motion on August 11, 2021 in which he asks the Court to order certain changes to the presentence report, ECF 23, prepared in advance of his sentencing on November 17, 2017. ECF No. 39. On August 25, 2021, the Government responded to Mr. Rodriguez's motion, stating its opposition to the amendment Mr. Rodriguez seeks. ECF 68. For the reasons stated below, the Court DENIES Mr. Rodriguez's motion to amend his presentence report.

## Factual Background

    On November 17, 2017, Michael Walter Rodriguez was sentenced to 180 months imprisonment for distribution of methamphetamines in violation of 21 U.S.C. §

841(a)(1), along with a concurrent term of 120 months for conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h).  ECF No. 41, Judgment.  As required by Federal Rule of Criminal Procedure 32(d)(2)(A)(i), the presentence report prepared in advance of Mr. Rodriquez's sentencing included his prior criminal convictions. *See* ECF No. 23 ¶¶ 63-91.  Rule 23(f) provides that parties must object to the report's contents within fourteen days of receiving it.  Fed. R. Crim. Pro. 23(f).

     Mr. Rodriguez moves this Court to amend his presentence motion for a simple reason: the availability of First Step Act programming varies among Bureau of Prisons (BOP) facilities, and both the eligibility for such programming and the facility in which a person in federal custody serves his sentence is determined in party by the contents of the presentence report.  At the heart of the issue Mr. Rodriguez brings to the Court are two prior California state convictions from 2005 and 2012.  ECF No. 66 at 1.  At the time when Mr. Rodriguez was charged and convicted for the conduct that gave rise to those convictions, each was a felony conviction under California state law.  If Mr. Rodriguez were convicted of the same offenses today, that would not be so.  The Safe Neighborhoods and Schools Act, colloquially known as "Proposition 47" was a ballot measure passed by California voters on November 5, 2014.  Proposition 47 added to California's Penal Code section 1170.18 to authorize persons currently serving sentences for felony convictions that are now misdemeanors to petition courts for recalls of sentences and to request resentencing under the new laws.  Pen. Code § 1170.18(a). Pertinent to Mr. Rodriguez's case, Proposition 47 had the effect of reclassifying certain offenses from felonies to misdemeanors. "Proposition 47: The Safe Neighborhoods and Schools Act," California Courts, https://www.courts.ca.gov/prop47.htm.

     After determining his own prior felony convictions in California state courts were eligible for reclassification, Mr. Rodriguez adhered to the law's procedures, and

petitioned the Superior Court in San Diego County to have those felonies reclassified. ECF No. 66 at 4-7; *see* ECF No. 23 ¶¶ 73, 83. The Superior Court judges to whom Mr. Rodriguez petitioned for reclassification granted his request for the two convictions giving rise to the instant motion. ECF No. 66 at 4-7. Per the language in Proposition 47, Mr. Rodriguez's prior convictions, which by court order were reclassified "as misdemeanors under the proposition are considered misdemeanors for all purposes." Proposition 47: The Safe Neighborhoods and Schools Act," California Courts, https://www.courts.ca.gov/prop47.htm.

      Mr. Rodriguez asks the Court to order an amendment reflecting the reclassification of these two prior convictions because the BOP "increased [his] security classification as to the level of institution [he] should be housed at." ECF No. 1 at 1-2 ¶ 2. A direct result of the classification is that "Rodriguez does not have access to many of the programs offered by the First Step Act to rehabilitate himself." *Id.* When Mr. Rodriguez informed his BOP Case Manager that he had successfully petitioned to reclassify the two prior convictions, she said, "I have to go by what the PSI says unless there is an addendum to the PSI made. The USPO will have to be contacted for this request." *Id.* at 8. Mr. Rodriguez then moved the Court to order the U.S. Probation Office to amend his presentence report.

### Legal Authority to Amend a Presentence Report

      Opposing Mr. Rodriguez's motion to amend the PSI, the Government argues the Court has neither jurisdiction nor authority to do so. ECF No. 68, Opp., at 4-5. The Court finds there is a significant difference between the amendment Mr. Rodriguez seeks and those sought by many of the movants in the cases cited by the Government to support their position. For example, Mr. Rodriguez seeks not to insert *additional* facts to the report which were not previously raised in an objection to the report at the appropriate time. *Cf. U.S. v. Maolin*, 2021 WL 3419417 (S.D. Cal. Aug. 4, 2021). Nor does he seek

to supplement the report with facts or events which happened *after* he was sentenced. *Cf. U.S. v. Cross*, 2019 WL 6357964 (D. Haw. Nov. 27, 2019). Nor even does Mr. Rodriguez ask the Court to make a revision analogous to updating the value of a lost or stolen good whose value was a material issue at sentencing. *Cf. United States v. Catabran*, 884 F.2d 1289 (9th Cir. 1989).

Nonetheless, the Ninth Circuit has held that "once the district court has imposed sentence, the court lacks jurisdiction under [Federal] Rule [of Criminal Procedure] 32 to hear challenges to a presentence report." *Catabran*, 884 F.2d at 1288. The category of amendments to a presentence report which a district court *may* have the authority to order are those "limited to correction of errors no more than clerical significance." *United States v. Lee*, 727 Fed. Appx. 335, 336 (9th Cir. 2018) (quoting *United States v. Kaye*, 779 F.2d 488, 490 (9th Cir. 1984)). There is a strong consensus among courts which have considered the question that district courts do not have the authority to order substantive amendments to presentence reports, after sentencing has concluded. Here, Mr. Rodriguez is certainly asking the Court for something more than a mere fix to a "clerical error," *Kaye*, 779 F.2d at 490. Consequently, the Court must deny Mr. Rodriguez's motion to amend his presentence report because the Court finds it does not have the authority or jurisdiction to order such an amendment.[1]

---

[1] While the Court cannot grant the relief requested, the Court encourages the BOP to consider adjusting Mr. Rodriguez's security level upon sufficient proof of the reclassification of convictions under Proposition 47. Recognizing the reclassification of Mr. Rodriguez's convictions as misdemeanors will have a positive effect on his access to BOP rehabilitative programming and make it more likely that Mr. Rodriguez will not reoffend.

## Conclusion

Because the Court does not have jurisdiction to order the USPO to amend Mr. Rodriguez's presentence report, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 14, 2021

Hon. Gonzalo P. Curiel
United States District Judge