UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WALTER RODRIGUEZ,<br><br>Defendant. | Case No.:  17-CR-00215-GPC<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF Nos. 71, 83]** |

Defendant Michael Rodriguez ("Rodriguez") filed a motion seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 83. The United States opposes. ECF No. 89. For the reasons set forth below, Rodriguez's motion is DENIED.

**I.   Background**

Rodriguez pled guilty to Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), Count I, and Conspiracy to Launder Monetary Instruments under 18 U.S.C. § 1956(a)(1)(A)(i) and (h), Count II. ECF No. 23 at 1.[1] On November 17, 2017, this Court sentenced Rodriguez to 180 months on Count I and 120 months on Count II to run concurrently, followed by five years of supervised release. ECF No. 41 at 1-2. As a condition of his plea, Rodriguez forfeited to the United States $194,537.60 in proceeds

---

[1] Page numbers reflect CM/ECF pagination.

and property involved in his offenses. ECF No. 26. Rodriguez is currently serving his term at Fort Dix FCI and has a projected release date of December 24, 2028.[2]  ECF No. 83-1 at 6.

Rodriguez is currently 51 years old. ECF No. 23 at 3. He has a lengthy criminal history, beginning as a juvenile and continuing to his most recent offense in 2017. *See id.* at 11-18. When Rodriguez was 28 years old, he was introduced to methamphetamine. *Id.* at 24. From this point, Rodriguez developed a serious addiction to the substance, smoking an estimated 4 to 7 grams per day. ECF No. 83 at 3. Rodriguez further relied on the substance as a form of self-medication when he began to experience auditory and visual hallucinations in his early thirties. *Id*. He has since been diagnosed with schizophrenia, bipolar disorder, and depression. *Id*. He has not received consistent treatment for his mental illnesses in prison. ECF No. 88 at 7 (sealed).

At the time of sentencing, Rodriguez was ineligible for the safety valve provision under this Court's interpretation 18 U.S.C. § 3553(f). Defense counsel recommended the statutory minimum of 120 months for Count I, Distribution of Methamphetamine. ECF No. 34 at 5; *see* 21 U.S.C. § 841(b)(1)(viii). The government recommended 180 months, ECF No. 33 at 2, and Probation recommended 150 months, ECF No. 23 at 32. The Court accepted the government's recommendation and found a sentence of 180 months for Count I and 120 months to run concurrently for Count II as sufficient but not greater than necessary to satisfy the policies underlying 18 U.S.C. § 3553(a). *Id.* at 14.

Rodriguez initially filed a pro se motion for compassionate release and for the appointment of counsel on January 20, 2023. ECF No. 71. With the assistance of counsel, he is now requesting a reduction in sentence on Count I, for the Distribution of Methamphetamine, from 180 months to 151 months. ECF No. 83 at 3. Rodriguez seeks this reduction based on the disparity in his sentence due to the Ninth Circuit's later

---

[2] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 18, 2024).

interpretation of safety valve eligibility in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), the conditions of his confinement and mental illnesses during the COVID-19 pandemic, and his rehabilitation efforts during his incarceration. *Id.* at 3.

## II. Legal Standard

Generally, a federal court "may not modify a term of imprisonment once it has been imposed," *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)), except "in limited circumstances set out by federal statute," *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022). Rodriguez seeks to modify his sentence under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act. In relevant part, § 3582(c)(1)(A) permits a court to modify a term of imprisonment:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved potion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > …
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Previously, the Ninth Circuit held that policy statement U.S.S.G. § 1B1.13 governed only § 3582(c)(1)(A) motions brought by the Director of the Bureau of Prisons ("BOP"). *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (finding the "current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by defendant"). However, amendments to § 1B1.13, effective November 1, 2023, reflect that the policy statement is now applicable to motions filed by defendant and the BOP. *United States v. Garcia Nava*, No. 19-CR-2034, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *see* U.S.S.G. § 1B1.13(a)

("Upon motion of the Director of Bureau of Prisons *or the defendant*…" (emphasis added)). Therefore, policy statement § 1B1.13 is binding on this Court's consideration of Rodriguez's motion for compassionate release.[3]

Under § 1B1.13, as amended, extraordinary and compelling circumstances include: (1) medical conditions of the defendant, whether terminal or chronic, that substantially diminish the defendant's ability to provide self-care within a correctional facility; (2) age when the defendant is at least 65 years old; (3) family circumstances rendering defendant the only viable caretaker for a family member; (4) victim of abuse where the defendant while in custody experienced abuse by an employee of the BOP; (5) other reasons not specifically enumerated that, when considered by themselves or together, are of a similar gravity as those described in paragraphs (1)-(4); and (6) an unusually long sentence where the defendant has served at least 10 years of the term of imprisonment and a change in law has created a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.

Lastly, § 1B1.13(a)(2) instructs that prior to granting a motion for compassionate release, a court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Accordingly, the question before the Court is whether Rodriguez has established "extraordinary and compelling" reasons consistent with the policy statement to justify a reduction in sentence.[4]

---

[3] The Court does not consider Rodriguez's argument that the applicable policy statement is the one at the time the motion was filed, ECF No. 90 at 3, because the Court would consider the same factors under the prior and current policy statements.

[4] It is undisputed that Rodriguez has met the administrative exhaustion requirement of 18 U.S.C. § 3582(a)(1)(C). *See* ECF No. 83-4 at 2-3 (letter to warden); ECF No. 89 at 5 (government response).

## III. Discussion

Rodriguez argues the aggregation of three circumstances amount to extraordinary and compelling reasons: (1) a disparity in his sentence length due to the Ninth Circuit's interpretation of 18 U.S.C. § 3553(f) in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021); (2) the conditions of confinement and his mental illnesses during the COVID-19 pandemic; and (3) his rehabilitation during incarceration.

As a preliminary matter, Rodriguez's reliance on the Ninth Circuit's interpretation of the safety valve provision in *Lopez*, 998 F.3d 431, to support his request is no longer valid. The Supreme Court's decision in *Pulsifer* abrogates the interpretation set forth in *Lopez*, affirming this Court's prior interpretation of § 3553(f) under which Rodriguez was ineligible for safety valve. *Pulsifer v. United States*, 601 U.S. ---, 2024 WL 1120879, at *14 (U.S. Mar. 15, 2024). Therefore, the Court will not consider this reason when deciding whether Rodriguez has demonstrated extraordinary and compelling circumstances. The Court considers Rodriguez's remaining two reasons in turn.

### A. Conditions of Confinement

Rodriguez contends the unusually harsh conditions of his confinement during the COVID-19 pandemic and with mental illnesses contribute to the extraordinary and compelling reasons warranting compassionate release. With regards to his confinement conditions, Rodriguez cites the modified operational procedures implemented by the BOP during the COVID-19 pandemic, such as: limitations on movement, visitation, services, and programming. ECF No. 83 at 10. This Court has previously held that "changed conditions adopted by the [BOP] in response to the pandemic are unlikely to constitute extraordinary and compelling reasons for compassionate release when not taken in combination with other individual circumstances, because such conditions apply to most, if not all, inmates under the BOP's purview." *Wright*, 2022 WL 673265, at *3.

Rodriguez contends these conditions impacted him more than others due to his schizophrenia, bipolar disorder, depression, and obesity. ECF No. 83 at 3, 6, 11. He also points to a series of "approximately eight" hospital visits in 2020, ECF No. 83 at 11; ECF

1  No. 83-1 at 14, but he fails to provide supplemental information on the underlying
2  circumstances of the visits and how they pertain to the conditions of his confinement.
3     While the Court is sympathetic, "mental health problems exacerbated by anxiety
4  over COVID-19 [are] insufficient to rise to the level of 'extraordinary and compelling'
5  circumstances warranting compassionate release." *United States v. Adkins*, No. 19-CR-
6  00651, 2020 WL 3058097, at *2 (S.D. Cal. June 9, 2020).

### B. Rehabilitation

Rodriguez also submits his significant rehabilitation for consideration in this Court's extraordinary and compelling analysis. ECF No. 83 at 9. Over the course of his seven years of incarceration, Rodriguez has participated in a substantial amount of facility programming. He has acquired over 60 "certificates of completion" for programs ranging from technical skills, such as wood framing and basic typing, to self-development programs focused on anger management and parenting. ECF No. 83 at 6; *see generally* ECF No. 83-3. Additionally, Rodriguez has completed a non-residential treatment program for addiction and attained his GED. ECF No. 83 at 6; ECF No. 83-1 at 4. While such efforts are exemplary, Congress has instructed that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t).

Considering his rehabilitation along with the conditions of his confinement and mental illnesses during COVID, this Court finds that when taken in the aggregate, these reasons do not amount to a similar gravity as those enumerated in U.S.S.G. § 1B1.13(b). And because the Supreme Court abrogated *Lopez*, *Pulsifer*, 601 U.S. at ---, 2024 WL 1120879, at *14, the Court may not consider *Lopez* as a basis for compassionate release. As such, Rodriguez has failed to demonstrate extraordinary and compelling circumstances under § 3582(c)(1)(A).

### IV.   CONCLUSION

For the reasons set forth above, the Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 25, 2024

Hon. Gonzalo P. Curiel
United States District Judge